United States District Court
Southern District of Texas
ENTERED
September 22, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIAM HENRY KRIEG, TDCJ # 01366694, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-1199 |
| DANA SULLIVAN, *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Henry Krieg, an inmate in the Texas Department of Criminal Justice (TDCJ), filed this civil action in the 506th Judicial District Court of Grimes County, Cause No. 036617, alleging violations of his civil rights at TDCJ's Pack Unit. Krieg proceeds *pro se*. After removing the action to this Court, the defendants filed a motion to dismiss (Dkt. 8) and a motion for summary judgment (Dkt. 9), seeking dismissal of all claims. Krieg responded (Dkt. 14; Dkt. 15) and filed a motion for partial summary judgment (Dkt. 16). The motions are ripe for decision. Having considered the pleadings, the motions and briefing, the applicable authorities, and all matters of record, the Court determines that all of Krieg's claims must be **DISMISSED with prejudice** for the reasons explained below.

## I. BACKGROUND

Krieg's petition sues four defendants in their official capacities: Assistant Warden Dana Sullivan, Pack Unit; Kyla Rosario, law library personnel, Pack Unit; Amy Oliver, law library supervisor, Pack Unit; and Hilaria Leon, Manager II, Huntsville, Texas (Dkt.

1-4, at 2-3). He brings two claims: (1) the defendants denied him access to courts by (a) confiscating his legal pleadings and (b) prohibiting him from contacting inmate witnesses to a bus accident in which he was involved; and (2) the defendants violated his rights under the Double Jeopardy Clause and Due Process Clause when they gave him multiple punishments for a single disciplinary case (*id*. at 4, 23).

Regarding his access-to-courts claim, Krieg first alleges that he arrived at the Pack Unit in November 2021 and that law library personnel "confiscated a portion of [his] legal pleadings denying him access to courts" (*id*.). He states that his legal papers included some from his criminal case, which he has been "litigating . . . since June 2006" (*id*.). He further states that on September 5, 2024, Oliver confiscated part of his trial records "under the guise that they had a social security number that did not belong to me" (*id*. at 11). Officials gave him a confiscation form and he filed a grievance at both stages of the process (*id*. at 11-12). Second, he alleges that the defendants violated his rights to access the courts by denying his request to contact inmate witnesses for his state-court litigation in Travis County, Case No. D-1-GN-20-00789, regarding an accident on a TDCJ bus (*id*. at 4 (citing policy ATC-034)).

Regarding his double-jeopardy or due-process claim, Krieg alleges that he received a major disciplinary case on March 20, 2024, and that officials assessed the maximum punishment at a hearing held on March 27, 2024 (*id*. at 5 (Disciplinary Case No. 20240114948; *see id.* at 117 (disciplinary hearing record reflects that the hearing officer found Krieg guilty of a positive test result for methamphetamine). The record reflects that officials imposed temporary loss of recreation and commissary privileges, 30 hours of extra

duty, and reduction of his line-class status (*id*.). Krieg complains that the next day, on March 28, 2024, the Unit Classification Committee (UCC) held a hearing outside of his presence and assessed "additional punishment" for the same disciplinary case, namely, placing a "CB SPD Code" in his file (*id.* at 12-13, 20-21). He supplies a general Inter-Office Communication explaining that the "CB SPD Code" imposes contraband restrictions lasting 180 days and 5 years (*id*. at 134-35). He filed a grievance regarding the UCC hearing, which officials denied at both stages (*id*. at 128-133); *see* Dkt. 14, at 9-11 (Notice to Inmates of Contraband Code (CB)).

As relief for his claims, Krieg requests that the Court order the defendants to return his confiscated legal pleadings; order the defendants to allow him to contact inmates who were in the bus accident for witness affidavits; and order the defendants to "delete the second punishment assessed," *i.e.*, the CB SPD Code, for Disciplinary Case No. 20240114948 (Dkt. 1-4, at 24).

The defendants' motion to dismiss attaches multiple documents from Krieg's civil and post-conviction litigation in state court (Dkt. 8-2 through Dkt. 8-6).

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction and Standing

A court must dismiss an action at any time if it determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (cleaned up). Dismissal for lack of subject matter jurisdiction is warranted only if it appears certain that

the plaintiff cannot prove a plausible set of facts that establish jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

The question of whether a plaintiff has legal standing to bring his claims is essential to the Court's subject matter jurisdiction. Article III, Section 2 of the Constitution limits the jurisdiction of federal courts to "cases" or "controversies." *Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 71 (2013); *Hein v. Freedom from Religion Found., Inc.,* 551 U.S. 587, 598 (2007). To establish Article III standing, a plaintiff's injury must be (1) "concrete, particularized, and actual or imminent"; (2) "fairly traceable to the challenged action"; and (3) "redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up); *see Barilla v. City of Houston, Tex.*, 13 F.4th 427, 431 (5th Cir. 2021). The Supreme Court has emphasized that "the injury-in-fact requirement requires a plaintiff to allege an injury that is both "concrete *and* particularized." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334 (2016) (emphasis original). To be concrete, the injury must "actually exist" and not be abstract; to be particularized, it "must affect the plaintiff in a personal and individual way." *Id.* at 339-340. As the party invoking federal jurisdiction, a plaintiff bears the burden to establish these elements and "must clearly allege facts demonstrating each element." *Id.* at 338 (cleaned up). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice to establish standing." *Stallworth v. Bryant*, 936 F.3d 224, 230 (5th Cir. 2019) (cleaned up).

**B. <u>Motion for Judgment on the Pleadings</u>**

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In deciding whether to dismiss a complaint a court may take judicial notice of "matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). This includes public records of court proceedings and commitment information from jail or prison officials. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 893 (5th Cir. 2020).

**C. <u>Summary Judgment</u>**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might

affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (cleaned up).

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up). A plaintiff's statements may be sufficient to demonstrate a genuine issue of material fact. *See Bourne v. Gunnels*, 921 F.3d 484, 492-93 (5th Cir. 2019). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, "[s]elf-serving affidavits and declarations, like all summary judgment evidence, must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (cleaned up) (citing FED. R. CIV. P. 56(c)(4)).

Finally, Rule 56 does not impose upon a court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. Evidence not referred to in the response to the motion for summary judgment is not properly before the court, even if it exists in the summary judgment record. *Outley v. Luke & Assocs., Inc.*,

840 F.3d 212, 217 & n.9 (5th Cir. 2016); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

### D. ***Pro Se* Filings**

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se.* Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Although the plaintiff is proceeding *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court. *Outley*, 840 F.3d at 217 & n.9; *see E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general willingness to construe pro se filings liberally, we still require

*pro se* parties to fundamentally abide by the rules that govern the federal courts. *Pro se* litigants must properly . . . present summary judgment evidence") (cleaned up).

## III. DISCUSSION

Krieg brings constitutional claims regarding access to courts, double jeopardy, and due process. Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016).

### A. Access to Courts

Krieg claims that the defendants denied him his right to access the courts for purposes of (1) his post-conviction litigation and (2) his civil-rights litigation in state court regarding a bus accident. The defendants seek dismissal for absence of standing, dismissal for failure to state a claim, and summary judgment.

Prisoners have a constitutional right to access the courts. *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Wells v. Thaler*, 460 F. App'x 303, 308 (5th Cir. 2012). The constitutional right is generally afforded by the First Amendment, the due-process clause, and the equal-protection clause. *See Christopher v. Harbury,* 536 U.S. 403, 415 & n. 12 (2002). However, a prisoner's right of access is not unlimited, and the Supreme Court has not held that prisoners have a freestanding right to a law library or legal assistance. *See Lewis*, 518 U.S. at 351; *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *see Wells*, 460 F. App'x at 308. The Constitution does not guarantee inmates "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis,* 518 U.S. at 355.

Rather, the constitutional right to access a prison law library encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [an inmate's] convictions or conditions of confinement." *Id.* at 356; *Jones*, 188 F.3d at 325. Therefore, an access-to-courts claim is not cognizable unless the inmate can show an "actual injury," in other words, that the inmate's nonfrivolous legal claim had been frustrated or was being impeded by the defendants. *Lewis*, 518 U.S. at 352-53; *see Wells*, 460 F. App'x at 308.

**1. Post-Conviction Litigation**

Krieg's petition alleges that the defendants denied him access to courts in connection with his post-conviction litigation in November 2021 and September 2024.

**a. November 2021**

First, Krieg alleges that in November 2021, when he arrived at the Pack Unit, law library personnel confiscated a portion of his legal pleadings, including some from his criminal case (Dkt. 1-4, at 4). The Court *sua sponte* considers whether this portion of the claim is time-barred.[1]

Civil-rights claims under § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); TEX. CIV. PRAC. & REM. Code § 16.003(a). The two-year limitations period "begins to run once

---

[1] In this case, which the defendants removed from state court, the Court has screening authority under 28 U.S.C. § 1915A. *See Fleming v. United* States, 538 F. App'x 423, 425 (5th Cir. 2013); *Winding v. Evan*, No. 3:13CV385TSL-JMR, 2014 WL 1056729, at *1 & n.2 (S.D. Miss. Mar. 18, 2014). *See also* 42 U.S.C. § 1997e(c) (for claims brought under § 1983, a court may dismiss an underlying claim if it is, on its face, frivolous, malicious, or fails to state a claim upon which relief can be granted). When reviewing a case brought under 28 U.S.C. § 1915A, the court has a special duty to examine the pleadings and thus may raise the limitations defense *sua sponte*. *LeBouef v. Island Operating Co., Inc*., 342 F. App'x 983, 984 & n.1 (5th Cir. 2009).

the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (cleaned up). A complaint that is plainly untimely is subject to dismissal as legally frivolous. *See Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) ("a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling").

Here, the two-year limitations period for any claim based on events in November 2021 expired in November 2023. Krieg filed his petition in state court on or about January 1, 2025, and does not plead facts alleging that he was unaware of injury at the time of the November 2021 confiscation. Therefore, his claim is subject to dismissal on limitations grounds. *See Frame*, 657 F.3d at 240.

**b. September 2024**

Second, Krieg alleges that on September 5, 2024, Oliver confiscated parts of his trial record "under the guise that they had a social security number that did not belong to me" (Dkt. 1-4, at 11-12). The defendants argue that Krieg does not allege facts that could show an actual injury for purposes of an access-to-courts claim because he does not identify any specific appeal that was active or imminent.

The Court takes judicial notice that Krieg is incarcerated based on multiple sentences from Harris County, including a 50-year sentence imposed in 2005, Case No. 1034044. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Sept. 22, 2026) (also listing 5-year sentences imposed in 1987, 2000, and 2006). According to the Texas appellate courts' public website, Krieg's state

post-conviction litigation concluded in 2008. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Sept. 22, 2026). He then filed a federal habeas petition, which the district court denied on July 10, 2009. *See Krieg v. Quarterman*, Civil Action No. 4:08-2164 (S.D. Tex. July 10, 2009); *Krieg v. Thaler*, No. 09-20526 (5th Cir. Mar. 25, 2010) (denying certificate of appealability). Thus, all of Krieg's post-conviction litigation had concluded by 2010, long before the alleged confiscation in 2024.

As stated above, an access-to-courts claim is not cognizable unless the inmate can show an "actual injury," in other words, that the inmate's non-frivolous legal claim was frustrated or impeded by the defendants. *Lewis*, 518 U.S. at 352-53; *see Wells*, 460 F. App'x at 308. Given that Krieg's litigation regarding his criminal conviction concluded more than a decade before an alleged violation of his rights, he fails to plead an actual or imminent injury regarding access to courts. *See Clapper*, 568 U.S. at 409; *Barilla*, 13 F.4th at 431. His claim will be dismissed for lack of standing.

**2. Civil Action**

Krieg filed Case No. D-1-GN-20-00789 in state court regarding a TDCJ bus accident. He alleges that Oliver denied his request to contact other inmates in violation of ATC-034, a TDCJ access-to-courts policy relevant to an inmate's requests to obtain witness affidavits (Dkt. 1-4, at 4, 17-18). The denial from Oliver, dated July 26, 2024, states that "per ATC-034.11, you failed to qualify for inmate-to inmate correspondence" with eight listed inmates (Dkt. 1-4, at 72) but does not provide any further explanation for the denial. Krieg's pleading states that he is in the "discovery phase" of his state-court

litigation and is "in need of written affidavits from those offenders" on the bus to "properly proceed" with the case (*id*. at 19). Based on these facts, he alleges that the defendants "set out on a malicious attempt to impede and interfere with [his] access to courts," that Oliver had no "legitimate reason" for the denial, and that the defendants "deli[be]rately violated his due process by impeding and interfer[ing] with [his] civil action" (*id*. at 19-20).

Krieg does not sufficiently plead any facts that could support a causal link between Oliver's denial of his request to correspond and an actual injury to a non-frivolous legal claim. *See Lewis*, 518 U.S. at 352-53; *Wells*, 460 F. App'x at 308. His claim is subject to dismissal on this basis. Additionally, an access-to-courts claim requires a plaintiff to show that the remedy sought is "presently unique" to the court hearing the access claim. *Harbury*, 536 U.S. at 417-18 (noting the obligation of the federal judiciary "to avoid deciding constitutional issues needlessly"). Here, Krieg requests that the Court order the defendants "to allow [him] to contact" other inmates present at the accident (Dkt. 1-4, at 24) and claims that he is injured because he is seeking discovery in his state-court litigation. However, assuming the affidavits Krieg seeks are necessary for discovery to active state-court litigation, he could file motions or otherwise seek relief from the state court. *See Harbury*, 536 U.S. at 415 (a pleading must "identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought").[2] He thus does not plead facts that could show that the remedy he seeks is unique to this Court.

[2] Additionally, to the extent Krieg's claim rests on his allegation that the defendants violated TDCJ policy, his allegation is insufficient. A violation of policy, without more, does not suffice to state a civil-rights claim. *Meyers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996); *see Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008); *Sandoval v. Fox*, 135 F. App'x 691, 691-92

Krieg's access-to-courts claim regarding inmate affidavits will be dismissed for lack of standing and for failure to state a claim on which relief can be granted. The Court need not address the exhaustion issue raised in the defendants' summary-judgment motion.

**B. Double Jeopardy and Due Process**

Krieg alleges that the defendants violated his rights under the Double Jeopardy Clause and Due Process Clause when they imposed multiple punishments for a single disciplinary case (Dkt. 1-4, at 4, 23). In particular, he alleges that after the disciplinary hearing officer imposed multiple penalties, the UCC held a separate hearing and placed a CB SPD Code in his file, thus imposing additional contraband restrictions.

The Double Jeopardy Clause bars multiple criminal prosecutions for the same offense after conviction. *United States v. Jones*, 733 F.3d 574, 580 (5th Cir. 2013). Prison disciplinary proceedings are not criminal proceedings and do not implicate the Double Jeopardy Clause. *Turner v. Johnson,* 46 F.Supp.2d 655, 667-68 (S.D.Tex.1999); *see United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996). Therefore, Krieg's claim under the Double Jeopardy Clause will be dismissed.

Regarding Krieg's due-process rights, a "prison inmate does not have a protectable liberty or property interest in his custodial classification." *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *see Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (inmate's loss of commissary privileges and cell restriction do not implicate due process concerns); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (penalties such as loss of prison

(5th Cir. 2005). Krieg does not plead that he filed, or was preventing from filing, subsequent requests under the policy.

privileges or reduction in custody status are "merely changes in the conditions of [an inmate's] confinement" and do not implicate due-process concerns). Therefore, he fails to plead a due-process violation based on the CB SPD code that imposed contraband restrictions. Additionally, the Court notes that Krieg does not identify any defendant to this action who was responsible for the UCC's action (Dkt. 1-4, at 20-23; Dkt. 14, at 4-5).

Krieg's claim will be dismissed for failure to state a claim upon which relief can be granted.

### C. Property Claims

Krieg does not plead a due-process claim for deprivation of property, *see* Dkt. 1-4, at 4, 23, and has not sought or been granted leave to amend. However, his pleading does allege, in the context of his access-to-courts claim, that officials confiscated some legal documents on September 5, 2024. *See*, *e.g.*, *id*. at 10-12. Because the defendants move for summary judgment and Krieg has responded, the Court briefly addresses the claim.

A deprivation of property implicates the Constitution only if such deprivation is accomplished without due process. *See Parratt v. Taylor,* 451 U.S. 527, 537 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986); *McRae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983). When a deprivation is authorized by an official policy, an inmate must be afforded some combination of notice prior to the deprivation and an opportunity to be heard. *See Zinermon v. Burch,* 494 U.S. 113, 127-28 (1990); *Stotter v. Univ. of Tex. San Antonio*, 508 F.3d 812, 821-22 (5th Cir. 2007). However, when an inmate claims that his rights were violated by an official's unauthorized conduct depriving him of his property, the state can satisfy the Due Process Clause by making a meaningful

post-deprivation remedy available. *See Zinermon,* 494 U.S. at 128-29 (1990); *Parratt*, 451 U.S. at 541 (prison officials' negligent loss of an inmate's property was properly remedied by post-deprivation procedures); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (state official's unauthorized and malicious destruction of the inmate's property was properly remedied by post-deprivation procedure).

The defendants argue that their confiscation of documents on September 5, 2024, comported with due process. They point to records reflecting that Krieg agreed in writing on August 10, 2024, to comply with TDCJ's instructions for his storage container (Dkt. 9-3, at 241-43). On August 19, 2024, after searching his storage container, Rosario confiscated "contraband, namely one three ring binder and one inch of paper" from Krieg, and Krieg signed a form recording the disposition of the property (*id*. at 249-50). When Krieg filed a grievance about the confiscation, officials concluded that the confiscation comported with TDCJ policy and procedure (*id*. at 233-37). In his summary-judgment response, Krieg argues only that the *Parratt*/*Hudson* doctrine may "narrow" his due-process claim but "does not negate" his other claims regarding access to courts and retaliation (Dkt. 15, at 7).

The uncontested summary-judgment evidence demonstrates that Rosario confiscated Krieg's property in accordance with TDCJ policy and that officials afforded Krieg notice and an opportunity to be heard. This satisfies the constitutional requirement. *See Stotter*, 508 F.3d at 821-22.[3] Summary judgment will be **granted** for the defendants.

---

[3] To the extent Krieg claims that Rosario deprived him of his property without authorization, Texas provides inmates with a post-deprivation remedy. *See* TEX. GOV'T CODE §§ 501.007,

**D. <u>Retaliation</u>**

Krieg does not plead a retaliation claim, *see* Dkt. 1-4, at 4, 23, and has not sought or been granted leave to amend his pleading. However, the facts section of Krieg's pleading alleges that various actions by prison officials were retaliatory. *See*, *e.g.*, *id*. at 9-11. The defendants move to dismiss any retaliation claim for failure to state a claim, and Krieg has responded. The Court therefore briefly addresses the claim.

To state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Baughman v. Hickman*, 935 F.3d 302, 312 (5th Cir. 2019). If an inmate is unable to point to a specific constitutional right that has been violated, the claim will fail. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). To show intent, the inmate must allege more than his personal belief that he is the victim of retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). The inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. As for causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained-of adverse action would not have occurred. *Nieves v. Bartlett*, 587 U.S. 391, 399 (2019); *Woods*, 60 F.3d at 1166.

---

501.008; see *Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex. App.–Corpus Christi 2002, no pet.). Thus, his claim for loss of property by unauthorized action would not state a claim for relief under the Due Process Clause. *See DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019).

The defendants raise several grounds for dismissal, including that Krieg does not identify a defendant who allegedly retaliated and that he fails to plead facts that could show "but for" cause (Dkt. 8, at 22-26). Krieg's responses engage the defendants' arguments regarding only one alleged incident, namely, that his I-60 requests were denied and property was confiscated after his August 21, 2024, grievance exposing an alleged affair between two TDCJ officials (Dkt. 15, at 5-6). However, he does not allege that any specific defendant intended to retaliate against him, despite the defendants' motion seeking dismissal on the point. He also fails to adequately plead causation, asserting only that causation is a "classic jury issue" and not one for resolution before trial (*id*. at 6). As stated above, Krieg's personal belief that he is a victim of retaliation is insufficient to state a claim for relief. *See Johnson*, 110 F.3d at 310.

Construing the pleadings liberally in the plaintiff's favor, and taking all alleged facts as true, Krieg fails to state a valid claim of retaliation. *Harrington*, 563 F.3d at 147. Therefore, any retaliation claim will be dismissed for failure to state a claim upon which relief can be granted.

### E. <u>Krieg's Dispositive Motion</u>

Because all of Krieg's claims have been dismissed on the defendants' motions, and because his motion for partial summary judgment (Dkt. 16) identifies no genuine issue of material fact for trial, the motion will be denied. Krieg's request to strike Exhibit A to the defendants' summary-judgment motion (Dkt. 9-2) will be denied as moot because the Court does not rely on Exhibit A for its rulings above.

## IV. CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

1. The defendants' motion to dismiss (Dkt. 8) is **GRANTED** in part as stated above.

2. The defendants' motion for summary judgment (Dkt. 9) is **GRANTED** in part as stated above.

3. The plaintiff's motion for partial summary judgment (Dkt. 16) is **DENIED.** His request to strike Exhibit A to the defendants' summary-judgment motion is **DENIED as moot**.

4. All of Krieg's claims are **DISMISSED with prejudice**.

5. All other pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on September 22, 2026.

George C. Hanks Jr.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE